UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| VIRGINIA M. JOHNSON, | ) | **CIVIL ACTION NO. _____** |
| 2544 Rosedown Drive | ) | |
| Cantonment, FL 32533, | ) | **HON. _____** |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GALENCARE, INC. | ) | **ELECTRONICALLY** |
| d/b/a BRANDON REGIONAL HOSPITAL, | ) | **FILED** |
| | ) | |
| c/o CT CORPORATION SYSTEM | ) | **JURY DEMAND** |
| 1200 South Pine Island Road | ) | **ENDORSED HEREON** |
| Plantation, FL 33324, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, VIRGINIA M. JOHNSON (hereinafter "Johnson"), for her Complaint against the Defendant, GALENCARE, INC. d/b/a BRANDON REGIONAL HOSPITAL (hereinafter "BRH"):

### NATURE OF THE CLAIMS

1.    This is an action for monetary damages, pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 (hereinafter "Section 1981); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et seq. (hereinafter "Title VII"); and the Florida Civil Rights Act, Chapter 760, *Florida Statutes, et. Seq.* (hereinafter "FCRA §760.10").

2.       This action is to redress Defendant's unlawful employment practices and retaliation against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her race and religion, and because of her repeated complaints about such unlawful discrimination, harassment, and retaliation leading to her wrongful termination.

## JURISDICTION AND VENUE

3.       This is an action for damages and monetary relief pursuant to Title VII and FCRA, section 760.10.

4.       This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Section 1981 and Title VII.

5.       This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6.       Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

7.       Plaintiff, JOHNSON, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida and resided in either Hillsborough County or Escambia County.

8.      Defendant is a Florida corporation authorized to conduct business in the State of Florida, with its principal place of business in Davidson, Tennessee, and doing business in Hillsborough County, Florida.

9.      Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PROCEDURAL REQUIREMENTS

10.     Plaintiff has complied with all statutory prerequisites to filing this action.

11.     On or about November 8, 2013, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") satisfying the requirements of 42 U.S.C. e-5(b) and (e), based on racial and religious discrimination and harassment and in retaliation based on Defendant's demotion of Plaintiff after Plaintiff's internal complaints. (*See* copy of November 8, 2013, Charge of Discrimination, attached hereto and incorporated herein as Exhibit 1).

12.     Such November 8, 2013, EEOC charges were filed within three hundred (300) days after the alleged unlawful employment practices occurred.

13.     On or about February 13, 2014, Plaintiff filed a second claim with the EEOC satisfying the requirements of 42 U.S.C. e-5(b) and (e) based on racial and religious discrimination and harassment and in retaliation based on Defendant's unlawful termination of Plaintiff after Plaintiff filed her November 8, 2013, Charge of Discrimination with the EEOC. (*See* copy of February 13, 2014, Charge of Discrimination, attached hereto and incorporated herein as Exhibit 2).

14.     Such February 13, 2014, EEOC charges were filed within three hundred (300) days after the alleged unlawful employment practices occurred.

15.     On May 29, 2014, the EEOC issued to Plaintiff, at her counsel's request, a Notice of Right to Sue with respect to such November 8, 2013, Charge of Discrimination and harassment and internal demotion in retaliation to Plaintiff's protected activity. (*See* copy of May 29, 2014, Notice of Right to Sue, attached hereto and incorporated herein as Exhibit 3).

16.     On May 29, 2014, the EEOC issued to Plaintiff, at her counsel's request, a Notice of Right to Sue with respect to such February 13, 2014, Charge of Discrimination and harassment and termination in retaliation to Plaintiff's protected activity. (*See* copy of May 29, 2014, Notice of Right to Sue, attached hereto and incorporated herein as Exhibit 4).

17.     This complaint was filed within ninety (90) days of the issuance of the EEOC's Right to Sue letters.

18.     An EEOC filing automatically operates as a dual FCHR filing.

## GENERAL ALLEGATIONS

19.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-18, above.

20.     Plaintiff is an African American woman, who practices Muslim religious beliefs.

21.     At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

22.     At all times material, Plaintiff was qualified to perform the jobs of Registered Nurse and Acting Clinical Nurse Coordinator within the legitimate expectations of her employer.

23.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services pursuant to 29 U.S.C. 216(b).

**FACTS**

24.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23, above.

25.     Plaintiff was employed by Defendant, BRH, for approximately nineteen (19) months and during that time held the position as a Registered Nurse at all times.

26.     Plaintiff also held the additional position as Acting Clinical Nurse Coordinator and performed said duties, while not receiving additional compensation.

27.     On or about June 30, 2013, Plaintiff began to be subjected to racial and religious discrimination, harassment, and intimidating verbal abuse by co-workers in regards to her religious apparel, not limited to her head scarf.

28.     Plaintiff made complaints to to her supervisors and Human Resources regarding the employees' inappropriate conduct.

29.     Despite Plaintiff's complaints, Defendant failed to take remedial action and allowed the discrimination and harassment to continue.

5

30.     Defendant then retaliated against Plaintiff in response to her internal complaints regarding the discrimination and harassment. Some examples, but not an exclusive list, of the retaliation include:

      a.) Plaintiff was demoted from her position as Acting Clinical Nurse Coordinator to staff nurse by Defendant. Defendant stated to Plaintiff that there was no funding for the position per Human Resources. Shortly thereafter, a non-black, non-Muslim employee was hired as the Clinical Nurse Coordinator;

      b.) Plaintiff was not given the same opportunity for advancement as the nurse manager willfully and maliciously failed to interview Plaintiff for the position even though she was already performing the position's duties on a daily basis; and

      c.) Defendant deliberately increased Plaintiff's workload;

31.     Plaintiff then filed her original November 8, 2013, EEOC complaint of harassment, discrimination, and retaliation based on her race and religious internal complaints regarding racial and religious harassment and discrimination.

32.     After Plaintiff's initial November 8, 2013, EEOC filing, Plaintiff continued to be harassed and discriminated against by her co-workers and Defendant. Some examples, but not an exclusive list, of the continued harassment and discrimination include:

a.) Slanderous and defamatory statements made by other employees in regards to Plaintiff's race and/or religion;

b.) Employee, Dawn Reed's verbally assault and threat of physical violence on Plaintiff; and

c.) Employee, Dawn Reed's physically battery of Plaintiff.

33.     Plaintiff once again complained to her supervisors, Human Resources, and/or Hospital Security regarding her co-employees' inappropriate conduct.

34.     Plaintiff suffered from frequent panic attacks, nightmares, insomnia, nausea and vomiting, weaknesses, increased anxiety, increased depression, loss of appetite, tremors and shaking, loss of energy, ahedonia, increased agitation, decreased concentration and frequent migraines as a result of the discrimination, harassment, and retaliation.

35.     On or about January 27, 2014, Plaintiff provided medical documentation of his disability and requested short term disability leave through Defendant's insurance carrier, Sedgwick Claims Management Services.

36.     Despite Plaintiff's complaints, the discrimination and harassment continued in retaliation of her initial November 8, 2013, EEOC filing and request for short term disability leave. Some examples, but not an exclusive list, of the retaliation include:

a.) Plaintiff was written-up and suspended from her job pending investigation for a patient incident which also involved another non-African American, non-Muslim employee; yet, that employee was not disciplined, let alone suspended;

b.) Plaintiff was put on administrative probation, in which she was not able to return to work, on January 28, 2014, one day after applying for short term disability leave; and

c.) Plaintiff was terminated on January 31, 2014.

## COUNT 1:

### *DISCRIMINATION AND HARASSMENT ON THE BASIS OF RACE IN VIOLATION OF SECTION 1981*

37.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36, above.

38.   Defendant has intentionally discriminated against Plaintiff on the basis of her race (African American) in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are not African American, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

39.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

40. Defendant's unlawful and retaliatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**COUNT 2:**

*RETALIATION FOR INTERNAL COMPLAINTS ON THE BASIS OF RACE IN VIOLATION OF SECTION 1981*

41. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40, above.

42. Defendant has intentionally retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendant's discriminatory practices against herself by Defendant, inter alia, subjecting Plaintiff to acts of discrimination, harassment, and humiliation; demoting Plaintiff from Acting Clinical Nurse Coordinator; hindering Plaintiff's advancement within BRH by failing to provide Plaintiff with equal opportunity to interview for the Clinical Nurse Coordinator position; and deliberately increasing Plaintiff's workload.

43. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

44.     Defendant's unlawful and retaliatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**COUNT 3:**

***RETALIATION FOR FILING NOVEMBER 8, 2013 EEOC COMPLAINT ON THE BASIS OF RACE IN VIOLATION OF SECTION 1981***

45.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44, above.

46.     Defendant has intentionally retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendant's discriminatory practices against herself by Defendant, inter alia, subjecting Plaintiff to acts of discrimination, harassment, and humiliation; allowing other employees, not limited only to Dawn Reed,  to intentionally batter and making life-threatening statements to Plaintiff; by targeting Plaintiff and providing false write-ups and suspension, while other employees who engaged in the same conduct, did not receive write-ups or suspension; and by unlawfully terminating Plaintiff.

47. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

48. Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT 4:

### *DISCRIMINATION AND HARASSMENT ON THE BASIS OF RACE AND RELIGION IN VIOLATION OF TITLE VII*

49. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48, above.

50. Defendant has intentionally discriminated against Plaintiff on the basis of her race (African American) and religion (Muslim) in violation of Title VII by denying her the same terms and conditions of employment available to employees who are not African American and/or Muslim, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

51.   Defendant has discriminated against Plaintiff on the basis of her race and religion in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race and religion.

52.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

53.   Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**COUNT 5:**

***RETALIATION FOR INTERNAL COMPLAINTS ON THE BASIS OF RACE AND RELIGION IN VIOLATION OF TITLE VII***

54.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-53, above.

55.    Defendant has intentionally retaliated against Plaintiff in violation of Title VII for opposing and/or complaining of Defendant's discriminatory practices against herself by Defendant, inter alia, subjecting Plaintiff to acts of discrimination, harassment, and humiliation; demoting Plaintiff from Acting Clinical Nurse Coordinator; hindering Plaintiff's advancement within BRH by failing to provide Plaintiff with equal opportunity to interview for the Clinical Nurse Coordinator position; and deliberately increasing Plaintiff's workload.

56.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

57.    Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**COUNT 6:**

13

*RETALIATION FOR FILING NOVEMBER 8, 2013 EEOC COMPLAINT ON THE*

*BASIS OF RACE AND RELIGION IN VIOLATION OF TITLE VII*

58.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-57, above.

59.    Defendant has intentionally retaliated against Plaintiff in violation of Title VII for opposing and/or complaining of Defendant's discriminatory practices against herself by Defendant, inter alia, subjecting Plaintiff to acts of discrimination, harassment, and humiliation; allowing other employees, not limited only to Dawn Reed,  to intentionally batter and making life-threatening statements to Plaintiff; by targeting Plaintiff and providing false write-ups and suspension, while other employees who engaged in the same conduct, did not receive write-ups or suspension; and by unlawfully terminating Plaintiff.

60.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

61.    Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with

conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT 7:

### *DISCRIMINATION AND HARASSMENT ON THE BASIS OF RACE AND RELIGION IN VIOLATION OF FLORIDA STATUTE §760.10*

62. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-61, above.

63. Defendant has intentionally discriminated against Plaintiff on the basis of her race (African American) and religion (Muslim) in violation of FCRA §760.10 by denying her the same terms and conditions of employment available to employees who are not African American and/or Muslim, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

64. Defendant has discriminated against Plaintiff on the basis of her race and religion in violation of FCRA §760.10 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race and religion.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FCRA §760.10, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem

and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

66.     Defendant's unlawful and discriminatory conduct in violation of FCRA §760.10 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT 8:

### *RETALIATION FOR INTERNAL COMPLAINTS ON THE BASIS OF RACE AND RELIGION IN VIOLATION OF FLORIDA STATUTE §760.10*

67.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-66, above.

68.     Defendant has intentionally retaliated against Plaintiff in violation of FCRA §760.10 for opposing and/or complaining of Defendant's discriminatory practices against herself by Defendant, inter alia, subjecting Plaintiff to acts of discrimination, harassment, and humiliation; demoting Plaintiff from Acting Clinical Nurse Coordinator; hindering Plaintiff's advancement within BRH by failing to provide Plaintiff with equal opportunity to interview for the Clinical Nurse Coordinator position; and deliberating increasing Plaintiff's workload.

69.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of FCRA §760.10, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

70.     Defendant's unlawful and retaliatory conduct in violation of FCRA §760.10 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT 9:

### RETALIATION FOR FILING NOVEMBER 8, 2013 EEOC COMPLAINT ON THE BASIS OF RACE AND RELIGION IN VIOLATION OF FLORIDA STATUTE §760.10

71.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-70, above.

72.     Defendant has intentionally retaliated against Plaintiff in violation of FCRA §760.10 for opposing and/or complaining of Defendant's discriminatory practices against herself by Defendant, inter alia, subjecting Plaintiff to acts of discrimination, harassment, and humiliation; allowing other employees, not limited only to Dawn Reed,  to intentionally batter and making life-threatening statements to Plaintiff; by targeting Plaintiff and providing false write-ups and suspension, while other employees who engaged in the same conduct, did not receive write-ups or suspension; and by unlawfully terminating Plaintiff.

73.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of FCRA §760.10, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

74.     Defendant's unlawful and retaliatory conduct in violation of FCRA §760.10 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT 10:

### *DISCRIMINATION AND HARASSMENT ON THE BASIS OF DISABILITY IN VIOLATION OF TITLE VII*

75.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-74, above.

76.     Defendant has intentionally discriminated against Plaintiff on the basis of her disability in violation of Title VII by denying her the same terms and conditions of employment available to employees who are not suffering from a disability, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

77.    Defendant has discriminated against Plaintiff on the basis of her disability in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of disability.

78.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

79.    Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT 11:

### *RETALIATION FOR FILING ON THE BASIS OF DISABILITY IN VIOLATION OF TITLE VII*

80.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-79, above.

81.    Defendant has intentionally retaliated against Plaintiff in violation of Title VII for opposing and/or complaining of Defendant's discriminatory practices against

herself by Defendant, inter alia, subjecting Plaintiff to acts of discrimination, harassment, and humiliation; by targeting Plaintiff and providing false write-ups and suspension, while other employees who engaged in the same conduct, did not receive write-ups or suspension; by wrongfully placing her on administrative probation; and by unlawfully terminating Plaintiff.

82.   As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

83.   Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT 12:

### *DISCRIMINATION AND HARASSMENT ON THE BASIS OF DISABILITY IN VIOLATION OF FLORIDA STATUTE §760.10*

84.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-83, above.

85.     Defendant has intentionally discriminated against Plaintiff on the basis of her disability in violation of FCRA §760.10 by denying her the same terms and conditions of employment available to employees who are not disabled, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

86.     Defendant has discriminated against Plaintiff on the basis of her disability in violation of FCRA §760.10 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race and religion.

87.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FCRA §760.10, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

88.     Defendant's unlawful and discriminatory conduct in violation of FCRA §760.10 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**COUNT 13:**

### *RETALIATION FOR FILING ON THE BASIS OF DISABILITY IN VIOLATION*
### *OF FLORIDA STATUTE §760.10*

89.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-88, above.

90.     Defendant has intentionally retaliated against Plaintiff in violation of FCRA §760.10 for opposing and/or complaining of Defendant's discriminatory practices against herself by Defendant, inter alia, subjecting Plaintiff to acts of discrimination, harassment, and humiliation; by targeting Plaintiff and providing false write-ups and suspension, while other employees who engaged in the same conduct, did not receive write-ups or suspension; by wrongfully placing her on administrative probation; and by unlawfully terminating Plaintiff.

91.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of FCRA §760.10, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

92.     Defendant's unlawful and retaliatory conduct in violation of FCRA §760.10 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**COUNT 14:**

*NEGLIGENT HIRING, RETENTION, AND SUPERVISION*

93.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-92, above.

94.    Defendant has violated its duty as Plaintiff's employer to provide a safe workplace, to take reasonable steps to determine the fitness of Plaintiff's co-workers and supervisors, and to reasonably supervise Plaintiff's co-workers and supervisors by, inter alia, failing and refusing to investigate and/or take appropriate disciplinary or other action in response to Plaintiff's repeated verbal and written complaints of discriminatory and harassing conduct by her co-workers and/or supervisors on the basis of his race and religion, including but not limited to, discriminatory statements in regards to Plaintiff's religious head scarf, threats of violence and grievous physical injury against Plaintiff by other BRH employees, and actual physical injury by another BRH employee.

95.     Defendant had actual knowledge of the undue risk of harm to which it was thereby exposing Plaintiff based on Plaintiff's repeated written and verbal complaints to her supervisors, Human Resources officials, and security officers at BRH.

96.    As a direct and proximate result of Defendant's breach of duty to supervise, Plaintiff has been injured and has incurred damages thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VIRGINA M. JOHNSON, prays that the Court will:

A.     Declare that the acts and practices complained of herein are in violation of Section 1981, Title VII, and FCRA §760.10.

B.     Direct the Defendant to pay compensatory damages as a result of Defendant's violation of Section 1981, Title VII, and FCRA §760.10;

C.     Direct the Defendant to pay Plaintiff lost wages; back pay and interest in back pay and benefits; front pay and future benefits; loss of future earning capacity; and all other sums of money, including employment benefits which may have been lost, together with set amounts for the injuries suffered as a result of Defendant's violation of Section 1981, Title VII, and FCRA §760.10;

D.     Direct the Defendant to pay Plaintiff for emotional pay, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a result of Defendant's violation of Section 1981, Title VII, and FCRA §760.10;

E.     Direct Defendant to pay punitive damages to the maximum extent allowable for violation of Section 1981, Title VII, and FCRA §760.10;

F.     Grant Plaintiff her costs and a reasonable award of attorneys' fees; and

G.     Grant such other and further relief as this Court deems just.

WHEREFORE, PLAINTIFF, VIRGINIA M. JOHNSON, demands damages against the Defendant, GALENCARE, INC. d/b/a BRANDON REGIONAL HOSPITAL, trial by jury, and such other relief as this Court may deem just and equitable.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Fl. Bar No. 0099040
Attorney for Plaintiff
Spielberger Law Group
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

**/s/ Gabrielle Klepper**
Gabrielle Klepper
Fl. Bar No. 0092815
Attorney for Plaintiff
Spielberger Law Group
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.Klepper @spielbergerlawgroup.com