```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

VIRGINIA M. JOHNSON,

    Plaintiff,

v.                                     Case No. 8:14-cv-2069-T-33TGW

GALENCARE, INC. d/b/a
BRANDON REGIONAL HOSPITAL,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Galencare, Inc., doing business as, Brandon Regional Hospital's Amended Motion to Dismiss Count XIV of Plaintiff's Second Amended Complaint (Doc. # 26), filed on November 19, 2014. Plaintiff Virginia M. Johnson filed a response in opposition to the Motion on November 21, 2014. (Doc. # 29). For the reasons stated below, the Motion is denied.

**I.   Background**

Johnson, an African American woman who practices Muslim religious beliefs, was employed by Galencare as a Registered Nurse. (Doc. # 24 at ¶¶ 21, 26). Johnson also held the position as Acting Clinical Nurse Coordinator, however, she did not receive additional compensation for that position. (Id. at ¶ 27).

On June 30, 2013, Johnson "began to be subjected to racial and religious discrimination, harassment, and intimidating verbal abuse by co-workers in regards to her religious apparel, not limited to her head scarf." (Id. at ¶ 28). According to the Second Amended Complaint, Johnson made complaints to her supervisors and Human Resources regarding the above-referenced conduct. (Id. at ¶ 29).

However, Johnson submits that Galencare "failed to take remedial action and allowed the discrimination and harassment to continue." (Id. at ¶ 30). Furthermore, Johnson avers that Galencare allegedly retaliated against Johnson in response to her internal complaints by (1) demoting Johnson from Acting Clinical Nurse Coordinator to staff nurse, (2) not providing Johnson with an opportunity for advancement, and (3) deliberately increasing Johnson's workload. (Id. at ¶ 31).

Johnson filed an EEOC complaint of "harassment, discrimination, and retaliation based on her race and religious internal complaints regarding racial and religious harassment and discrimination" on November 8, 2013. (Id. at ¶ 32). After the filing of the EEOC complaint, Johnson contends that she continued to be harassed and discriminated against by her co-workers and Galencare, which included "(a) slanderous and defamatory statements made by other employees

2

in regards to [Johnson's] race and/or religion, (b) [fellow employee's] verbal[] assault and threat of physical violence on [Johnson], and (c) [fellow employee's] physical[] battery of [Johnson]." (Id. at ¶ 33). Johnson "once again complained to her supervisors, Human Resources, and/or Hospital Security regarding her co-employees' inappropriate conduct." (Id. at ¶ 34).

As a result of the discrimination, harassment, and retaliation, Johnson alleges that she suffered from "frequent panic attacks, nightmares, insomnia, nausea and vomiting, weakness, increased anxiety, increased depression, loss of appetite, tremors and shaking, loss of energy, ahedonia, increased agitation, decreased concentration and frequent migraines. . . ." (Id. at ¶ 35). On January 27, 2014, Johnson provided medical documentation of her "disability and requested short term disability leave" through Galencare's insurance carrier. (Id. at ¶ 36).

Despite Johnson's complaints, the discrimination, harassment, and retaliation continued even after her initial November 8, 2013, EEOC filing and request for short term disability leave, which led to Johnson's termination on January 31, 2014. (Id. at ¶ 37). Johnson initiated this action on August 25, 2014 (Doc. # 1), filed an Amended Complaint on

3

November 14, 2014, and filed a Second Amended Complaint on November 17, 2014, which sets forth claims of discrimination and harassment on the basis of Johnson's race, religious beliefs, and disability, as well as a claim for negligent hiring, retention, and supervision (Doc. # 24). Galencare filed the present Motion on November 19, 2014, seeking dismissal of Count XIV: Negligent Hiring, Retention and Supervision (Doc. # 26), which is ripe for this Court's review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

4

> recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Analysis

Count XIV of the Second Amended Complaint sets forth a claim of Negligent Hiring, Retention and Supervision against Galencare for:

> violat[ing] its duty as Plaintiff's employer to provide a safe workplace, to take reasonable steps to determine the fitness of Plaintiff's co-workers and supervisors, and to reasonably supervise Plaintiff's co-workers and supervisors by, inter alia, failing and refusing to investigate and/or take appropriate disciplinary or other action in

5

> response to Plaintiff's repeated verbal and written complaints of discriminatory and harassing conduct by her co-workers and/or supervisors on the basis of [her] race and religion, including but not limited to, discriminatory statements in regards to Plaintiff's religious head scarf, threats of violence and grievous physical injury against Plaintiff by other BRH employees, and actual physical injury by another BRH employee.

(Doc. # 24 at 23). Galencare's Motion focuses on Johnson's negligent supervision claim, and accordingly, the Court will limit its discussion to this claim.

In order to state a claim for negligent supervision under Florida common law, a plaintiff must allege "(1) the existence of a relationship giving rise to a legal duty to supervise; (2) the negligent breach of that duty; and (3) that the negligence was the proximate cause of plaintiff's injury." Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F. Supp. 2d 1279, 1291 (M.D. Fla. 2009). Therefore, the threshold issue – as in any negligence action – is whether Galencare had a legal duty to protect Johnson from the injury of which she complains.

Galencare seeks dismissal of Count XIV as (1) Johnson has not pled a viable tort to support her claim, (2) Galencare did not owe Johnson a duty, and (3) Johnson cannot satisfy Florida's "Impact Rule." (See Doc. # 26).

6

### A. Whether Johnson Pled a Viable Tort to Support Claim and Whether Galencare Owed Johnson a Duty

"Under Florida law, the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law." Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999).

According to Galencare, Florida courts addressing this issue have indicated that an employer does not owe a common law duty to its employees to maintain a workplace free from harassment. (Doc. # 26 at 3-4)(citing Ayubo v. City of Edgewater, No. 6:08-cv-1197-ORL-31GJK, 2009 WL 113381 (M.D. Fla. Jan. 16, 2009)(dismissing plaintiff's negligent supervision and training claims based on racial discrimination and holding that Florida does not recognize a common law claim for negligent failure to maintain a workplace free of discrimination); Freese v. Wuesthoff Health Sys., No 6:06-cv-175-ORL-31JGG, 2006 WL 1382111, at *9 (M.D. Fla. May 19, 2006)(dismissing plaintiff's claim for negligent hiring and supervision for supervisor's harassment and discrimination in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Florida

7

Civil Rights Act as those are not common law causes of action upon which a negligent supervision claim can be asserted)).

Galencare argues that "[b]ecause there is no duty to maintain a workplace free from discrimination or harassment, this Court does not recognize a common law cause of action based on the negligent failure to maintain a workplace that is free from harassment or discrimination." (Doc. # 26 at 4). As a result, Galencare submits that Johnson is unable to satisfy the initial element of her negligent supervision claim, and the claim should be dismissed. (Id.).

However, Johnson argues that Galencare's argument "blatantly ignores the fact that Plaintiff has pleaded, with sufficient particularity, actions outlying the form of common law tortious behavior asserted by Plaintiff." (Doc. # 29 at 8). Specifically, Johnson provides that:

> Count XIV of Plaintiff's Second Amended Complaint alleges that Defendant knew or had reason to know it should prevent its employees from intentionally damaging Plaintiff through its tortious acts, including threats of physical assault and battery; that Defendant had actual knowledge of the undue risk; and that Plaintiff suffered injuries as a proximate result. Because Defendant, armed with such notice, failed to take further action, Plaintiff has therefore sufficiently pleaded a cause of action for negligent supervision against Defendant.

8

(Id.)(internal citation omitted).

Furthermore, according to Johnson, in the Second Amended Complaint she alleged multiple grievous acts committed by a co-worker that constitute torts under Florida law. (Id.). Moreover, Johnson alerted specific risks arising from the co-worker's threats, harassment, discrimination, and malicious acts. (Id.).

Upon due consideration of the parties' arguments, the Court denies Galencare's Motion on this ground. As a threshold issue, "the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law." Scelta, 57 F. Supp. 2d at 1348. Allegations of assault and battery can provide the type of underlying wrong sufficient to sustain claims of negligent supervision or negligent retention. Samedi v. Miami-Dade Cnty., 134 F. Supp. 2d 1320, 1353 (S.D. Fla. 2001). Therefore, as Johnson has alleged that a physical battery occurred, at the hands of a co-worker, this Court does not find that Count XIV is barred from the outset.

Rather, "[w]ith respect to determining a defendant's duty in a negligence action, summary judgment may generally be appropriate inasmuch as the existence of a duty of care is

a question of law for the Court." Virgilio v. Ryland Grp., Inc., 695 F. Supp. 2d 1276, 1281 (M.D. Fla. 2010) aff'd, 680 F.3d 1329 (11th Cir. 2012). Therefore, the Court declines to address the initial element, at the motion to dismiss stage of the proceeding.

As this Court finds it appropriate to reserve its analysis on this initial element, the Court further declines to address the remaining elements of Johnson's negligent supervision claim, at this juncture. The Court will make its determination on Count XIV – in its entirety – when it has the benefit of all discovery surrounding this action.

**B. Whether Johnson Satisfied Florida's Impact Rule**

In this action, Johnson seeks recovery for, amongst other things, the emotional distress she endured as a result of the alleged negligence by Galencare. (See Doc. # 24). "In order to recover damages for emotional distress caused by the negligence of another under Florida's impact rule, the emotional distress must flow from a physical injury sustained by physical impact." Degitz v. S. Mgmt. Servs., Inc., 996 F. Supp. 1451, 1461 (M.D. Fla. 1998).

Here, Galencare argues that Johnson has not satisfied the "Impact Rule." (Doc. # 26 at 7). Specifically, Galencare avers that:

10

> Plaintiff's [Second Amended Complaint] does not contain counts for battery or intentional infliction of emotion distress. Further, Plaintiff's allegations focus solely on [Defendant's] perceived duty to maintain a workplace free of discrimination and one vague allegation[ ] about an "actual physical injury" with no basis in [the Second Amended Complaint] or description of this alleged injury.

(Id.).

In her response, however, Johnson argues that she has set forth sufficient allegations to satisfy the "Impact Rule," at this time. (Doc. # 29 at 11). Namely, Johnson contends that in the Second Amended Complaint she alleges:

> she suffered frequent panic attacks, nightmares, insomnia, nausea and vomiting, weaknesses, increased anxiety, increased depression, loss of appetite, tremors and shaking, loss of energy, ahedonia, increased agitation, decreased concentration and frequent migraines as a result and causally connected to the stress that Plaintiff endured during the events (including the defamation, physical threats, and battery) at Brandon Regional.

(Id.). Therefore, it is Johnson's position that she has "suffered a 'discernable physical injury or illness flowing from emotional distress' which entitles her to recover for injuries including mental pain and anguish related to her negligent supervision count, and which satisfies the requirements of the impact rule." (Id.).

11

Upon due consideration and taking Johnson's allegations as true, the Court finds that Johnson has alleged sufficient factual support to withstand Galencare's Motion as to this issue. Specifically, within the Second Amended Complaint, Johnson alleges that she suffered physical injury, as detailed above, as a result of the physical impact Johnson sustained (i.e., allegation that she was battered by a co-worker). Therefore, Galencare's Motion is denied on this ground.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Galencare, Inc., doing business as, Brandon Regional Hospital's Amended Motion to Dismiss Count XIV of Plaintiff's Second Amended Complaint (Doc. # 26) is **DENIED**.

(2) Defendant has until and including **December 8, 2014,** to file its Amended Answer to Plaintiff's Second Amended Complaint, which includes its answer to Count XIV.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record